# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PLAYSTUDIOS, INC.,

    Plaintiff(s),

v.

CENTERBOARD ADVISORS, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-01423-JCM-NJK

**Order**

(Docket No. 43)

Pending before the Court is Defendants' motion to compel discovery. Docket No. 43. The Court has considered Defendants' motion, Plaintiff's response and countermotion for protective order, and Defendants' reply. Docket Nos. 43, 44, 47.[1] The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **DENIES** Defendants' motion without prejudice. Docket No. 43. Further, the Court **DENIES** Plaintiff's countermotion without prejudice. Docket No. 44.

**I.     Background**

The instant case involves a dispute over a business agreement between Plaintiff and Defendants, whereby Defendants agreed to perform consulting services and Plaintiff agreed to pay for those services. Docket No. 1-1 at 5. The agreement stipulated that Defendants would provide

---

[1] The pagination on the briefing of Docket Nos. 43 and 47 does not match the pagination assigned by CM/ECF. The Court cites herein to the pagination provided by CM/ECF.

1

services to Plaintiff, a mobile games company, related to various business objectives including, but not limited to, opening or acquiring an off-shore development studio, servicing products and features, and establishing infrastructure required to host a team of off-shore developers. *Id*. The motion currently before the Court involves a discovery dispute related to Plaintiff's refusal to provide: (i) written discovery responses on what Plaintiff agrees to produce and what it is withholding and why; (ii) materials relating to Plaintiff's efforts to acquire an off-shore studio from third party RockYou, Inc.; and (iii) financial statements and business performance records that would evidence, among other things, the extent to which Plaintiff has benefited financially from the strategies devised and recommended by Defendants. Docket No. 43-1 at 2. Defendants' counsel certifies that the parties met and conferred by telephone on January 9, 2019, and January 16, 2019. Docket No. 43-2 at 2. Defendants further submit that, on January 30, 2019, their counsel wrote to Plaintiff's counsel regarding discovery that needed to be produced. *Id*. at 4. According to Defendants, this written request went unanswered. *Id*.

The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules expound on this requirement, providing that discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer before filing the motion, and (2) includes a declaration with the details and results of the meet-and-confer conference about each disputed discovery request. Local Rule 26-7(c). These rules require that the movant "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Accordingly, the meet and confer requirement has not been met.

**II.     Standards**

   A.     Discovery

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598

(1998). Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1). The most recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

B. Motion to Compel

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed.R.Civ.P. 37(a). The burden is on the party resisting discovery to show why a discovery request should be denied by specifying in detail, as opposed to general and boilerplate objections, why "each request is irrelevant." *FTC v. AMG Servs.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (internal citation omitted). This requires the party resisting discovery to show for each request, irregardless of numerosity, how each of its objections is applicable, by providing the relevant standard for each objection and a meaningfully-developed argument as to how the standard has been met. *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (rejecting blanket claims of privilege as sufficient to address the applicable standard); *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

C. Full Text Requirement

Local Rules requires that all motion to compel discovery set forth, in full the text, the discovery originally sought and the response thereto, if any. LR 26-7(a). Without the complete text of the requests and the response, the Court cannot determine whether a party's responses are proper. *Allstate Ins. Co. v. Balle*, 2013 WL 5323968, at *4 (D. Nev. Sept 20, 2013). "Practically speaking, the failure to comply with LR 26-7(a) improperly shifts the burden to the Court to sift

through and root for issues that should be clear on the face of a discovery motion." *Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, at *4 (D. Nev. May 29, 2013).

Here, Defendants' motion alleges three outstanding or deficient discovery responses—written discovery responses on what Plaintiff agrees to produce and what it is withholding, materials relating to Plaintiff's efforts to acquire an off-shore studio from RockYou, Inc., and Plaintiff's financial statements and business performance records. Docket No. 43-1 at 1. Defendants provide the text of what they allege is Plaintiff's insufficient, generalized response disclaimer regarding what Plaintiff agrees to produce, as well as the request and responses for Plaintiff's business and financial information; however, Defendants fail to provide the requests and any responses thereto of the materials related to Plaintiff's efforts to acquire an off-shore studio RockYou. Docket No. 43-1.

### III. Conclusion

Defendants motion to compel fails to comply with both the meet and confer requirement and the full text requirement. Accordingly, the Court **DENIES** Defendants' motion without prejudice. Docket No. 43. Further, the Court **DENIES** Plaintiff's countermotion without prejudice. Docket No. 44.

IT IS SO ORDERED.

Dated: March 8, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge