UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PLAYSTUDIOS, INC.,

    Plaintiff(s),

v.

CENTERBOARD ADVISORS, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-01423-JCM-NJK

**ORDER**

[Docket Nos. 61, 66]

Pending before the Court is Plaintiff's motion to extend discovery to conduct certain depositions. Docket No. 61. Defendants filed a response in partial opposition and a counter-motion to extend. Docket No. 64.[1] Plaintiff filed a reply. Docket No. 65. Plaintiff also filed a motion to strike, Docket No. 66, for which the Court does not require a response. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.    EXTENSION REQUESTS**

The motion to extend and the counter-motion to extend are **GRANTED** in part and **DENIED** in part as follows. The parties' positions are ground largely in competing accusations of wrongdoing and discovery violations. There is no need for the Court to get into the weeds on those issues for the purposes of ruling on an extension request because, regardless, it is clear that there is good cause for an extension. The Court will extend the discovery period generally (*i.e.*,

---

[1] Filing the response and counter-motion in a single document violated Local Rule IC 2-2(b). The Court expects strict compliance with that rule in the future.

1

not for the limited purpose of conducting depositions).  The Court will provide the extension within the default framework provided by the local rules (using calendar dates), rather than the alternative framework proposed by Defendants.

For good cause shown, the Court **EXTENDS** deadlines as follows:

- Discovery cutoff:  June 7, 2019[2]
- Dispositive motions:  August 7, 2019
- Joint proposed pretrial order:  September 6, 2019, or 30 days after resolution of dispositive motions[3]

**II.  MOTION TO STRIKE**

Plaintiff also filed a motion strike Defendants' countermotion as being "immaterial" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Docket No. 66.  As is clear from the language quoted by Plaintiff, Rule 12(f) enables courts to strike matters "from a pleading." Plaintiff is seeking to strike language from a motion.  As such, "[m]ovant has fallen victim to one of the classic blunders:  attempting to extend Rule 12(f)'s striking power beyond pleadings." *United Nat. Ins. Co. v. Assurance Co. of Am.*, 2014 WL 4960915, at *1 (D. Nev. June 4, 2014). Accordingly, the motion to strike is **DENIED**.

IT IS SO ORDERED.

Dated: April 10, 2019

Nancy J. Koppe
United States Magistrate Judge

---

[2]  All discovery (including depositions) shall be completed by the discovery cutoff.

[3] Plaintiff's request for sanctions is **DENIED**.  Most obviously, the request is not developed and simply cites "Fed. R. Civ. P. 37" without identifying any particular section or explaining how it applies here.  *See* Docket No. 61 at 7.

2