# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PLAYSTUDIOS, INC., <br>     Plaintiff(s), <br> v. <br> CENTERBOARD ADVISORS, INC., et al., <br>     Defendant(s). | Case No.: 2:18-cv-01423-JCM-NJK <br><br> **Order** <br><br> (Docket No. 51) |

Pending before the Court is Plaintiff's motion to quash Defendants' March 1, 2019, non-party subpoenas. Docket No. 51. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 51, 59, 60.[1] The Court finds the motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to quash is hereby **DENIED**.

## I.    Background

The instant case involves a dispute over a business agreement between Plaintiff and Defendants, whereby Defendants agreed to perform consulting services and Plaintiff agreed to pay for those services. Docket No. 1-1 at 5. The agreement stipulated that Defendants would provide Plaintiff, a mobile games company, with services related to various business objectives such as

---

[1] The pagination on the briefing of Docket No. 59 does not match the pagination assigned by CM/ECF. The Court cites herein to the pagination provided by CM/ECF.

1

opening or acquiring an off-shore development studio, servicing products and features, and establishing infrastructure required to host a team of off-shore developers. *Id*.

The motion currently before the Court involves subpoenas served by Defendants on 27 non-party individuals. Docket Nos. 51-2–51-28. The subpoenas require the production of certain documents no later than March 14, 2019. *Id*. Plaintiff's counsel submits that it has been retained not only to represent Plaintiff and its current employees, but also to represent seven other individuals served with subpoenas; six former employees and one individual who shares office space with Plaintiff. Docket No. 51 at 2. Plaintiff's counsel certifies that it has conferred in good faith with Defendants regarding the issues at hand, including numerous telephone conversations between March 11, 2019, and March 18, 2019. Docket No. 51-1 at 2-3. Plaintiff objects to Defendants' subpoenas on the grounds that: (i) there is no legitimate basis for the breadth and scope of the subpoenas; (ii) there are significant personal privacy interests of non-party individuals at stake that need judicial protection; and (iii) it is impossible to gather and deliver the sheer volume of documents requested in the time given to comply. Docket No. 51 at 2.

**II.     Standards**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations). The discovery process should be cooperative and largely unsupervised by the court. *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or

modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits, requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C. D. Cal. 2005). Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Id.* Additionally, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal. Nov. 20, 2013) (internal quotations and citation omitted).

There is a general rule that only the party to which a subpoena is directed has standing to challenge that subpoena. *E.g., Paws Up Ranch, LLC v. Green,* 2013 WL 6184940, *2 (D. Nev. Nov. 22, 2013). The undersigned has noted that there is a split of authority whether an exception exists to this rule when the movant has a personal right or privilege in the information sought. *See id.*; *see also Wells Fargo Bank, N.A. v. ANC Vista I, LLC,* 2015 WL 557069, *2 n.6 (D. Nev. Feb. 11, 2015); *Wells Fargo Bank, N.A. v. Iny,* 2014 U.S. Dist. Lexis 62381, *3–4 (D. Nev. May 6, 2014).

Some judges in this District have interpreted the plain language of Rule 45 as dictating that "only the party subject to the subpoena may bring a motion to quash." *In re: Rhodes Cos.,* 475 B.R. 733, 740–41 (D. Nev. 2012) (expressly declining to adopt a "personal right or privilege" standing rule) (Pro, J.); *see also Salem Vegas, L.P. v. Guanci,* 2013 WL 5493126, *2–3 (D. Nev. Sept. 30, 2013) (Hoffman, J.).

On the other hand, several judges have recognized an exception to the general standing rule when the movant has a personal right or privilege in the subpoenaed material. *See, e.g., Dinkins v. Schinzel*, 2017 WL 4183115 (D. Nev. Sept. 19, 2017) (Foley, J.); *In re MGM Mirage Securities Litig.,* 2014 WL 6675732, *9 (D. Nev. Nov. 25, 2014) (Ferenbach, J.); *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund,* 2011 WL 4573349, *4 (D. Nev. Sept. 29, 2011) (Leen, J.), *amended on other grounds,* 2011 WL 5854714 (D. Nev. Nov. 21, 2011); *Copper Sands Home Owners Ass'n, Inc. v. Copper Sands Realty, LLC,* 2011 WL 112146, *2 (D. Nev. Jan.

3

13, 2011) (Leavitt, J.); *Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691, 695 (D.Nev.1994) (Johnston, J.).

In addition, even assuming there is an exception to the standing rule when the movant has a personal right or privilege in the subpoenaed materials, courts are split on whether the exception allows the movant to advance only objections directly corresponding to that personal right or privilege. Compare *Diamond State,* 157 F.R.D. at 695, with *Copper Sands,* 2011 WL 112146, at *2.

### III. Analysis

Defendants subpoenaed current and former employees, as well as Playstudios' executives Paul Mathews and Andrew Pascal, to produce documents and communications in response to seven requests. Docket Nos. 51-2–51-28. These subpoenas seek a variety of documents and communications related to any exchanges between the individuals and Plaintiff's executives, as well as documents or communications related to a variety of topics, including Plaintiff's business targets, business failures, management styles, and evaluations of the morale or experience of those individuals while working for Plaintiff. *Id*.

Defendants also subpoenaed James Noel who, Plaintiff submits, is a co-occupant at its business location. *Id*. at 3. The subpoenas seek the production of all documents and communications between Mr. Noel and Plaintiff's executives relating to Defendants' termination as well as any communications on numerous topics including Plaintiff's business target failures or management failures; any assessments of Plaintiff's management's competence; any opinions of the morale or experience working for Plaintiff; and any equity, ownership, interest, or titles Mr. Pascal has in Emprove and any documents which show the specifics of any work or services Mr. Pascal performed for Emprove. *Id*. at 3-4.

Plaintiff objects to the subpoenas on numerous grounds. *See* Docket No. 51. Plaintiff submits that the subpoenas impermissibly infringe on the subpoenaed parties' privacy interests; create an undue burden on both Plaintiff and the subpoenaed parties; and the response deadline does not provide reasonable time to comply with the subpoenas. Docket No. 51 at 10-16. Plaintiff further submits that the subpoenas are improper because Defendants have not made any factual

4

allegations or legal claims against Plaintiff regarding the current and former employees or Mr. Noel. *Id*. at 19-20. Additionally, Plaintiff submits that the requests require an undue amount of labor to determine whether any responsive documents exist because they are vague and broad and that the requests are duplicative of requests already sent to Plaintiff. *Id*. Plaintiff also submits that the requests are not "in tandem" with the relationship between former employees and Plaintiff, and that the subpoenas will likely have a negative impact on the relationship between the individuals and Plaintiff. *Id*. Finally, Plaintiff submits that any requests for documents addressed to Mr. Mathews and Mr. Pascal should have been made through Rule 34 discovery requests. *Id*.

In response, Defendants submit that Plaintiff lacks standing to bring the instant motion because the documents are outside of Plaintiff's possession and control and the subpoenas do not implicate any privilege or other cognizable interest for Plaintiff. Docket No. 59 at 3. Defendants further submit that Plaintiff itself identified the majority of the subpoena recipients as individuals likely to possess discoverable information and, after first agreeing to provide the requested information in response to Rule 34 requests, abruptly changed course and told Defendants the information was outside the scope of Rule 34. As a result, Defendants submit, the parties agreed that Defendants would propound Rule 45 subpoenas on these individuals. *Id*. at 2-3. Additionally, Defendants submit that the subpoenas are relevant to their counterclaims and are "garden-variety" requests for information within the scope of permissible discovery. *Id*. at 3. Defendants also submit that Plaintiff fails to carry the burden of showing that responding to the subpoenas would impose an undue burden. *Id*. at 10. Finally, Defendants submit that Plaintiff's objection to the time for compliance is unsupported because Rule 45 sets a response time of 14 days and Plaintiff fails to adequately explain why that timeframe is insufficient or unreasonable. *Id*.

In reply, Plaintiff submits that it has standing to move to quash the subpoenas because it has a right to protect the integrity of its business operations by maintaining a quality relationship with its employees and business associates, and that the subpoenas create a burden and expense on non-parties for documents which places a strain on those parties' relationship with Plaintiff. Docket No. 60 at 4. Plaintiff further submits that some of the subpoenaed parties specifically requested that Plaintiff's counsel appear and object to the subpoenas on their behalf. *Id*. Plaintiff

5

also submits that the subpoenaed parties' privacy interests are paramount; that Defendants fail to proffer any binding legal authority that contradicts Plaintiff's position that employee-owned devices are not appropriate sources for discovery; and that Plaintiff has never exercised possession, custody, or control over these devices. *Id*. at 5. Plaintiff submits that Defendants mistakenly used Rule 45 subpoenas to obtain information better suited for a request under Rule 34. *Id*. at 6. Additionally, Plaintiff submits that the subpoenas create an undue burden by essentially repeating previous written discovery requests from November 2018. *Id*. at 7-8. Finally, Plaintiff submits that Defendants are incorrect regarding the amount of time to respond to a subpoena under Rule 45 and that Defendants had ample time to file a second request for documents under Rule 34, move to compel Rule 34 responses, or serve Rule 45 subpoenas on a more reasonable timeframe. *Id*.

While Plaintiff's counsel submits that it has been retained to represent the individuals served with subpoenas, the motion to quash was brought on behalf of Plaintiff, not the non-parties. Even if this Court finds that the exception for personal right or privilege applies, Plaintiff's argument is speculative and underdeveloped. The Court considers only well-developed arguments presented and will not search for arguments that may be camouflaged in the briefing. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Therefore, the Court finds that Plaintiff lacks standing to bring the instant motion to quash.

**V.  Conclusion**

For the reasons discussed more fully above, Plaintiff's motion to quash, Docket No. 51, is hereby **DENIED** without prejudice. Further, both parties' requests for sanctions are **DENIED**.[2]

IT IS SO ORDERED.

Dated: May 6, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Plaintiff is not entitled to sanctions, as the Court has denied its motion. Defendants' request for sanctions is not meaningfully developed or supported by authority.