UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PLAYSTUDIOS, INC., | Case No. 2:18-CV-1423 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| CENTERBOARD ADVISORS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Playstudios Inc.'s ("plaintiff") objection/appeal from Magistrate Judge Koppe's order granting in part and denying in part the second motion to compel discovery. (ECF No. 69). Defendants Centerboard Advisors, Inc. and Josh Grant (collectively, "defendants") filed a response (ECF No. 73).

Also before the court is plaintiff's motion to reconsider and vacate a portion of Magistrate Judge Koppe's order. (ECF No. 70). Defendants filed a response. (ECF No. 74).[1]

Also before the court is non-parties' objection/appeal from Magistrate Judge Koppe's order denying plaintiff's motion to quash.[2] (ECF No. 81). Defendants filed a response. (ECF No. 83).

---

[1] Plaintiff's motion for reconsideration is identical to its objection/appeal. (*Compare* ECF No. 69, *with* ECF No. 70). As a result, defendants' responses are identical. (*Compare* ECF No. 73, *with* ECF No. 74).

[2] Twenty-seven non-parties retained plaintiff's counsel to contest the subpoenas defendants served on them. (ECF No. 75 at 2).

James C. Mahan
U.S. District Judge

Also before the court is non-parties' motion for reconsideration of Magistrate Judge Koppe's order denying plaintiff's motion to quash. (ECF No. 82). Defendants filed a response. (ECF No. 83).[3]

Also before the court is plaintiff's motion for leave to file a reply. (ECF No. 87).

## I. Background

The instant action arises from a breach of contract. (ECF No. 1-1). Plaintiff, a mobile games company, agreed to pay defendants for a variety of consulting services. *Id.* at 5. Plaintiff paid defendants a $50,000 deposit. *Id.* at 6. Plaintiff alleges that defendants "materially failed to perform under the terms of the [a]greement . . . ." *Id.* As a result of this purported failure, plaintiff filed the instant action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unjust enrichment. *Id.* On the other hand, defendants allege that plaintiffs did not pay them as required by the contract. (ECF No. 33). Consequently, defendants filed counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unjust enrichment. (ECF No. 33).

The various motions before the court pertain to two discovery disputes. First, plaintiff argues that it should not be compelled to provide certain business performance and financial records to defendants. (ECF Nos. 69). Next, 27 non-parties argue that the defendants' third-party subpoenas should be quashed because they impose an undue burden. (ECF No. 81).

## II. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence

---

[3] Plaintiff's motion for reconsideration is identical to its objection/appeal. (*Compare* ECF No. 81, *with* ECF No. 82). Defendants' single response addresses both of plaintiff's filings.

James C. Mahan
U.S. District Judge

- 2 -

is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (internal quotation marks omitted).

### III. Discussion

As an initial matter, the court denies plaintiff's and non-parties' motions to reconsider as moot in light of this order addressing their respective objections/appeals.

*A. Objection to the order granting in part and denying in part the second motion to compel discovery*

Plaintiff objects only to the portion of Magistrate Judge Koppe's order that compels it to produce financial and business performance records. (ECF No. 69). Put simply, plaintiff argues that it should not be compelled to turn over financial and business performance records because it does not believe the records are relevant to defendants' claims or defenses. (ECF No. 69). The court disagrees.

Federal Rule of Civil Procedure 26 governs discovery's scope and limits and is liberally construed. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984); *see also* Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Although discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case, the "[i]nformation . . . need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Where inquiry into a party's financial condition is of only marginal relevance and based on speculative assertions, however, the court may in its discretion deny such discovery." *Dinkins v. Schinzel*, No. 2:17-cv-01089-JAD-GWF, 2018 WL 456876, at *2 (D. Nev. Jan. 17, 2018) (citations omitted).

The court's holding in *Dinkins* is instructive. In *Dinkins*, the court compelled the plaintiff to produce his tax returns "in their entirety" because the plaintiff's financial condition was relevant to the defendant's fraud, breach of contract, breach of covenant of good faith and fair dealing, defamation, and invasion of privacy claims. *Id.* at *2. However, the court did not compel plaintiff to produce profit and loss statements and bank records because the defendant sought that

information only "for the purpose of verifying [p]laintiff's income tax returns and his income." *Id.* The court held that "[t]he relevance of the profit and loss statements and bank records [was] not readily apparent and [d]efendant [did] not sufficiently set forth how they [were] relevant to her claims or defenses." *Id.*

Here, defendant argues that plaintiff's financial records are relevant to proving its intent, and essential element of defendant's fraud-based affirmative defense and counterclaim. (ECF Nos. 73 at 3). Defendant further argues that its offset defense, unjust enrichment claim, and its theory of damages "can be proven . . . by comparing [plaintiff's] financial and business performance before and after [d]efendants' tenure." *Id.*

Magistrate Judge Koppe did not err by concluding that plaintiff's business performance and financial reports were akin to the tax returns in *Dinkins*, which were relevant to the claims and defenses presented in the case. The court finds that, unlike the profit and loss statements and bank records in *Dinkins*, the financial information defendants seek in this case is essential to proving the defendants' claim of unjust enrichment at the very least. Indeed, defendant must provide evidence to prove its unjust enrichment claim, which necessarily requires the defendant to prove that plaintiff was enriched.

Plaintiff argues that the records invite speculation regarding what caused its financial performance because "[t]he link between defendants' work, whatever that work may have been, and [plaintiff's] financial performance cannot be reduced to straight line." (ECF No. 69 at 6–7). Defendant counters that "[i]t is for the jury to decide whether or not [plaintiff's] improved performance arose in whole or in part from the business consulting and other strategic advice it fraudulently induced [d]efendants to provide." (ECF No. 73 at 4).

The court finds that plaintiff's argument is one of proof, not of relevance. Indeed, defendant correctly argues that "[t]o reach a fair and informed conclusion, the factfinder must be presented with the evidence." (ECF No. 73 at 4). Thus, plaintiff is compelled to turn over the financial records at issue and is free to argue the weight or admissibility of that evidence in an appropriate motion or at trial.

Accordingly, plaintiff's objection/appeal is denied.

**James C. Mahan**
**U.S. District Judge**

- 4 -

*B. Objection to the motion to quash*

As an initial matter, the court grants plaintiff's motion for leave to file a reply. (ECF No. 87). Although the court has reviewed plaintiff's proposed reply and finds that it amounts to little more than having the last word in what has become an ongoing feud between the parties, the court nonetheless finds some of the factual assertions therein helpful to the resolution of the instant dispute. (*See* ECF No. 87-1).

To be sure, the court has reviewed plaintiff's objection/appeal (ECF No. 81) and defendants' response (ECF No. 83) and found them both replete with—at worst—omissions, misstatements, and mischaracterizations of both law and fact or—at best—irreconcilable differences between the parties' perception of how discovery in this case has progressed. The court will separate the wheat from the chaff.

In its reply, plaintiff contends that "Magistrate Koppe's order of July 19 upheld the subpoenas without alteration" such that "the [n]on-parties must produce materials they exchanged with defendants when even defendants themselves concede that this request is impermissibly cumulative and duplicative. The order should be remanded for this reason alone." (ECF No. 87-1 at 8). The court notes defendants' representation that they "ha[ve] withdrawn the subpoena requests for communications exchanged with themselves." (ECF No. 83 at 3 n.3). Nothing in Magistrate Judge Koppe's order denying the motion to quash indicates that the non-parties are obligated to comply with the now-withdrawn portion of the subpoenas. (*See generally* ECF No. 75). The non-parties need not turn over information they exchanged with defendants. Thus, the court considers whether the subpoenas—without the request to produce documents exchanged with defendants—should be quashed.

Rule 45(c)(3) provides that a court "must quash or modify a subpoena" if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Third-party discovery uses the same undue burden standard as that used regarding discovery served on parties to the litigation. *See Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012).

"The party who moves to quash a subpoena bears the 'burden of persuasion' under Rule 45(c)(3)." *ATS Prods. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) (citing

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)). Thus, the moving party "must 'allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.'" *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (quoting *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997)). "Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Id.* (citing *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006)).

The non-parties advance three arguments in favor of quashing the subpoenas. First, the non-parties contend that the least intrusive means of obtaining the information is to get it from plaintiffs. (ECF No. 81 at 7–11). Second, the court should quash the subpoenas because they impose an undue burden on the non-parties. *Id.* at 11–14. Third, the non-parties believe that the 27 subpoenas constitute "scorched-earth" discovery conduct. *Id.* at 14–16.

The court finds the non-parties' first argument unavailing. Defendants represent to the court that plaintiff "initially committed to provide discovery from the [n]on-[p]arties but insisted weeks later that (a) the [n]on-[p]arties' documents were not within [plaintiff's] possession, custody, or control, and (b) Rule 45 subpoenas must issue."[4] (ECF No. 83 at 12).

Magistrate Judge Koppe did not err when she held "that [d]efendants demonstrated that they sought other means to obtain the materials and that they do not already possess the information." (ECF No. 75 at 5). Indeed, plaintiff told defendants that "the devices used by the [n]on-parties were owned by the [n]on-parties themselves, rather than issued by [plaintiff]." (ECF No. 87-1 at 7). Further, defendants represent as follows:

> [Plaintiff's] Rule 30(b)(6) designee . . . testified that [plaintiff] failed to preserve numerous sources of relevant evidence, resulting in their loss; intentionally wiped at least one . . . witness's company-issued computer after filing suit; failed to conduct an adequate search for materials in response to [d]efendants' requests; and engaged in other serious discovery misconduct.

---

[4] In its reply, plaintiff disputes this characterization. (ECF No. 87-1 at 6–9). Plaintiff claims that defendants "hastily went after 27 [n]on-parties to circumvent the proper discovery process and, more egregiously and primarily, to disrupt the [n]on-parties' lives and drive a wedge between the [n]on-parties and [plaintiff]." *Id.* at 9.

(ECF No. 83 at 7). Thus, it is not unreasonable for defendant to subpoena the information and evidence admittedly not in plaintiff's control. Magistrate Judge Koppe did not commit clear error by denying the motion to quash.

The non-parties' second argument is similarly unpersuasive. The non-parties believe that the subpoenas impose an undue burden because they seek information not relevant to the claims and defenses in this case. (ECF No. 81 at 13). Non-parties contend that the materials sought by the subpoenas "skirt the core of the defendants' pleadings as they have plead[ed] them" and "provid[e] no illumination about their claims for fraud, breach of contract, breach of the implied covenant, and unjust enrichment . . . ." *Id.* at 14. In sum, the non-parties contend that "this discovery does not warrant the burdens it places on the non-parties." *Id.*

The court finds that the information requested has some probative value. All of the non-parties have been listed in initial disclosures "as being in possession of relevant information upon which [plaintiff] intends to rely at trial." (ECF No. 83 at 9). The subpoenas request "communications regarding [d]efendants, including assessments of their performance and the strategies they proposed to improse [plaintiff's] performance." *Id.* These communications may demonstrate the benefit plaintiff received from defendant, an essential element of unjust enrichment. If the communications indicate that defendant adequately performed under the parties' agreement, this would be highly relevant to the defense against plaintiff's breach of contract claim.

On one hand, there is a possibility of discovering highly probative evidence. On the other hand, the court finds a conspicuous omission from the non-parties' objection: any discussion of what burden the subpoenas impose on them. *See generally id.* The non-parties do not provide any specific facts to indicate the nature and extent of the burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334. Instead, the court is left with conclusory and speculative statements of harm, inconvenience, and expense. These allegations do not justify quashing the subpoenas. *Id.*

Magistrate Judge Koppe did not clearly err by finding that the non-parties did not demonstrate an undue burden. (ECF No. 75 at 5).

**James C. Mahan**
**U.S. District Judge**

Lastly, the court finds the non-parties' final argument unpersuasive. The court notes that the non-parties' "scorched-earth" argument is entirely contingent upon the attorneys' fees that plaintiff and defendant have incurred in this case, not the non-parties.[5] (*See* ECF No. 81 at 14–15). The distinction between the non-parties and plaintiff grows tenuous as their shared counsel makes sweeping arguments regarding the greater scope of discovery in this case. *Id.*

But the non-parties nonetheless contend that "[t]his is a small case with an extremely small timeline." (ECF No. 81 at 15). Thus, the court finds that the "extremely small timeline" ought to reduce the cost and burden to the non-parties. After all, there is only a small temporal window—one month—for the non-parties to sift through to find the evidence and information requested by the third-party subpoenas.

Thus, Magistrate Judge Koppe correctly denied the motion to quash. The non-parties' objection/appeal is denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's objection/appeal from Magistrate Judge Koppe's order ruling on the second motion to compel discovery. (ECF No. 69). be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of Magistrate Judge Koppe's order (ECF No. 70) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that non-parties' objection/appeal from Magistrate Judge Koppe's order ruling on the second motion to compel discovery (ECF No. 81) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that non-parties' motion for reconsideration of Magistrate Judge Koppe's order (ECF No. 82) be, and the same hereby is, DENIED as moot.

---

[5] Notably, defendants are quick to point the finger at plaintiff, claiming that plaintiff is engaging in "a deliberate campaign designed to exhaust [d]efendants' resources because neither the facts nor the law support [plaintiff]." (ECF No. 83 at 9). For the purposes of the instant appeal, the court need not—and will not—indulge the parties' continued quibbling.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a reply (ECF No. 87) be, and the same hereby is, DENIED.

DATED December 3, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -